UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                           :

UNITED STATES OF AMERICA

                                      :   **PRELIMINARY ORDER OF**

            - v. -                     **FORFEITURE AS TO**

                                        :   **SUBSTITUTE ASSETS**

ALVIN HAGLER,

                                        :   S5 05 Cr. 482 (LAP)

                     Defendant.

                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about July 14, 2006, the Defendant was charged in a one-count

Superseding Information, S5 05 Cr. 482 (GEL) (the "Information"), with conspiracy to distribute

and possess with intent to distribute narcotics, in violation of Title 21, United States Code, Section

846 (Count One);

WHEREAS, the Information included a forfeiture allegation with respect to Count

One of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States

Code, Section 853, of any and all property, constituting, or derived from, proceeds the Defendant

obtained, directly or indirectly, as a result of the offense charged in Count One of the Information,

and any and all property, used or intended to be used, in any manner or part, to commit, or to

facilitate the commission of the of the offense charged in Count One of the Information, including

but not limited to a sum of money equal to $15,000 in United States currency, representing the

amount of proceeds Defendant obtained as a result of the offense charged in Count One of the

Information.

WHEREAS, the Information also included a substitute asset provision, providing

notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to

1

be located or obtained, transferred or sold to a third party person, had been placed beyond the jurisdiction of the Court, substantially diminished value or commingled with other property which cannot be subdivided without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant;

WHEREAS, on or about July 14, 2006, the Defendant pled guilty to Count One of the Information;

WHEREAS, on or about July 26, 2007, the Defendant was sentenced and ordered to forfeit $15,000 in United States currency, representing the proceeds Defendant obtained as a result of the offense charged in Count One of the Information;

WHEREAS, on or about August 2, 2007, the Court entered an Order of Forfeiture (the "Order of Forfeiture") imposing a money judgment in the amount of $15,000 against the Defendant (the "Money Judgment"), representing the proceeds the Defendant obtained as a result of the offense charged in Count One of the Information;

WHEREAS, to date the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, and despite its exercise of due diligence, the Government has been unable to locate or obtain the proceeds of the Defendant's offense; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

      a.  $3,097.00 in United States currency in the possession of the United States Marshals Service, representing income tax return refund paid to the Defendant on or about February 26, 2016, that was intercepted by the Treasury Offset Program;

2

      b.   $2,753.00 in United States currency in the possession of the United States Marshals Service, representing income tax return refund paid to the Defendant on or about April 14, 2017, that was intercepted by the Treasury Offset Program; and

      c.   The portion of any and all future disbursements from the Government to the Defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the outstanding Money Judgment;

(a. through c. collectively, the "Substitute Assets").

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.     All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.     Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3.     Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the Money Judgment entered against the Defendant.

4.     Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an

3

interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.     The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[THIS SPACE LEFT INTENTIONALLY BLANK]

8.    The Court shall retain jurisdiction to enforce this Preliminary Order of

Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of

Criminal Procedure 32.2(e).

Dated: New York, New York
February, 2023

SO ORDERED:

HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE